IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LARRY WALTON | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-17-1193 |
| WARDEN FRANK BISHOP and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

***

# MEMORANDUM

Larry Walton, who is self represented, filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. ECF 1. Respondents filed an Answer. ECF 4. They assert that the petition is time-barred and must be dismissed. *Id.* Walton was advised by the Court that he could file a response explaining why, in his view, the petition should not be dismissed as time-barred; he was granted 28 days to do so. ECF 5. Walton did not respond, nor has he otherwise indicated to the Court that he intends to do so.

An evidentiary hearing is unnecessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons stated below, and based on the factual assertions set forth by Respondents, the petition shall be dismissed and a certificate of appealability shall not issue.

## Discussion

On January 14, 2000, following a jury trial in the Circuit Court for Baltimore City, Walton was found guilty of first degree murder and related offenses in connection with the shooting death of Mark Eaton on June 13, 1999. ECF 1 at 1(Petition) at 1; ECF 4-2 at 2 (Court of Special Appeals

Unreported Opinion). In April 2000, Walton was sentenced to life imprisonment plus 60 years consecutive. ECF 1 at 1.

In an unreported opinion dated March 13, 2001, the Maryland Court of Special Appeals affirmed Walton's convictions. ECF 4-2. Walton's petition for certiorari review was denied by the Maryland Court of Appeals on June 22, 2001. *See Walton v. State*, 364 Md. 536 (2001). Walton did not seek certiorari in the United States Supreme Court, and the time for doing so expired on September 20, 2001. *See* Sup. Ct. Rule 13.1. For purposes of calculating the filing deadline for filing a federal habeas petition, Walton's conviction became final on September 20, 2001.

Walton did not initiate post-conviction proceedings until April 1, 2010. ECF 4-1 at 6 (docket entries). That petition was dismissed on September 9, 2011, "for failure to comply with Maryland Rules." ECF 4-1 at 8.

Walton filed a motion to reopen post-conviction proceedings on December 9, 2011, which was granted on January 14, 2013. *Id.* On June 23, 2016, the post-conviction court granted Walton the right to file belated motions for modification and for sentence review, but otherwise denied post-conviction relief. *Id*. at 10-11. Walton filed an application for leave to appeal the denial of post-conviction relief, which was dismissed as untimely by the Maryland Court of Special Appeals on February 7, 2017. ECF 4-3 (Md. Ct. of Spec. App. opinion and mandate).

Under the provisions of 28 U.S.C. § 2244(d)(1), the one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) is also pertinent. It states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*.

The Fourth Circuit has made it clear that, prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F.3d at 708. As noted, Walton was provided notice but filed nothing further in this case.

As indicated, the one-year filing period for Walton's federal habeas petition began to run as of September 20, 2001, and expired one year later. Because Walker did not file post-conviction proceedings until 2010, his petitions for post-conviction relief did not operate to toll the one-year filing period. Walton filed his Petition for Writ of Habeas Corpus on April 25, 2017. ECF 1 at 7 (signature date). The claims he raises in the petition concern alleged ineffective assistance of trial counsel and the trial court's non-compliance with Maryland procedural rules. *Id*. at 5-6. Walton provides no discernible basis for equitable tolling of the one-year filing period or otherwise excusing the untimely filing of his petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (requiring extraordinary circumstance before equitable tolling is warranted). Absent such a circumstance, the petition is time-barred and must be dismissed.

When a district court dismisses a habeas petition solely on procedural grounds (*e.g.*, when the petition is time-barred), a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Petitioner cannot satisfy the standard for a certificate of appealability. Therefore. I decline to issue one. However, petitioner may still ask the United States Court of Appeals for the Fourth Circuit to issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order follows.

October 17, 2019　　　　　　　　　　　　　　　　/s/
Date　　　　　　　　　　　　　　　　　　　　　Ellen L. Hollander
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge